OPINION
Defendant-appellant Roy Posadny appeals from a judgment and decree of divorce. Mr. Posadny contends that the trial court erred in adopting a magistrate's findings of fact, and that this error affected the judgment and decree of divorce as it pertains to spousal support, child support, and the allocation of parental rights and responsibilities.
We agree with the trial court that Mr. Posadny failed to provide a transcript of all of the evidence relevant to the findings of fact of the magistrate to which he objected, and that this failure allowed the trial court to overrule those objections.
However, we agree with Posadny that the trial court did err by overruling his objection to the magistrate's failure, in determining the relative incomes of the parties for purposes of the child support calculation, to shift from Mr. Posadny's annual income to Ms. Posadny's annual income the amount of $6,000, being the amount of annual spousal support ordered. Consequently, that part of the judgment of the trial court awarding child support is Reversed, the judgment of the trial court is Affirmed in all other respects, and this cause is Remanded for recalculation of child support.
 I
The parties were married in 1990. They have two daughters, Sierra, born October 20, 1992 and Caitlyn, born December 27, 1995. Ms. Posadny brought this action for divorce in 1999. Mr. Posadny counterclaimed for divorce.
This action was referred to a magistrate. Following a hearing, the magistrate rendered a decision concluding that the parties were entitled to a divorce, dividing the assets and debts of the parties, awarding spousal support to Ms. Posadny in the amount of $500 per month for 40 months, designating Ms. Posadny as the residential parent and legal custodian of the children, and awarding child support in the amount of $359 per month per child.
Mr. Posadny objected to the magistrate's decision, specifically objecting to the findings of fact contained therein. He supported his objection with a partial transcript of the hearing before the magistrate, consisting of the testimony of his parents. The decision of the magistrate reflects that besides Mr. Posadny's parents, he, his brother, a coworker and his current live-in girlfriend testified on his behalf, and Ms. Posadny, her mother, her sister, and her girlfriend testified on her behalf.
The trial court overruled Mr. Posadny's objections, noting that he was objecting to findings of fact, but only supporting his objections with a transcript of the testimony of his parents. The trial court noted that he had failed to support his objections with a transcript of all the evidence submitted to the magistrate relevant to the facts in dispute.
In addition to objecting to the magistrate's findings of fact, Mr. Posadny objected to her failure, in her child support calculation, to shift his annual spousal support obligation of $6,000 from his income to Ms. Posadny's income for purposes of determining the relative incomes of the parties in calculating child support. The trial court did not specifically address this objection. The trial court did overrule all the objections, based upon Mr. Posadny's failure to have supported them with a full transcript of the proceedings before the magistrate, and adopted the decision of the magistrate. Subsequently, the trial court entered a judgment and decree of divorce, from which Mr. Posadny appeals.
 II
Mr. Posadny's First, Second and Fourth assignments of error are as follows:
 I. THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT BY SUMMARILY OVERRULING ALL OF DEFENDANT-APPELLANT'S OBJECTIONS TO THE MAGISTRATE'S DECISION.
 II. THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT IN THE AMOUNT OF AND LENGTH OF SPOUSAL SUPPORT AWARDED TO PLAINTIFF-APPELLEE.
 IV. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANT BY FAILING TO CONSIDER THE OBJECTIONS OF DEFENDANT-APPELLANT TO THE MAGISTRATE'S FINDING OF FACTS REGARDING THE ALLOCATION OF PARENTAL RIGHTS AND RESPONSIBILITIES.
In all of these assignments of error, Mr. Posadny contends that the trial court erred by overruling his objections to the magistrate's findings of fact. Although some of Mr. Posadny's objections were addressed to other findings of fact, they focused mainly on those findings contained in that part of the magistrate's decision dealing with the allocation of parental rights and responsibilities. In that part of her decision, the magistrate noted that the testimony of the parties was contradictory:
 The parties have accused each other of violent behavior during the course of the marriage. The contradictory depiction of the same events by the parties causes one to wonder if parallel universes do actually exist. The parties' versions of an October incident were extremely contradictory. As a fact-finder, the parties' credibility must be examined before a finding can be made as to which version is authentic and which is a fabrication. Using the usual tests for credibility, it is found that defendant's version of several events is not credible.
 Defendant asserts that plaintiff knocked him down on one occasion and pushed open a door with defendant standing against it. Plaintiff, at 140 lbs., is no physical match for defendant's size and weight (380 lbs.) and could not possibly knock the defendant down or push him away from the door.
 Defendant asserts several violent events but failed to disclose any of these events to the psychologist during the custody evaluation or to the police. Defendant asserts that the gun event happened in August, 1999 but previously swore in his domestic violence complaint that it had occurred in September, 1999.
 Defendant's testimony is replete with complaints that plaintiff interfered with his parenting times when the facts strongly demonstrate that plaintiff provided access to the children beyond the court ordered visitation. Defendant asserts that he did not once say an angry or hateful word to his wife; nor did he threaten her or strike the plaintiff. But in fact, he did hit plaintiff and twisted her arm badly enough to require medical treatment (Exhibit 6). Defendant admits no transgressions.
 Plaintiff admits to saying hurtful things and being involved in arguments that got out of hand. Plaintiff admitted her mistakes and transgressions while credibly denying the "gun" incident.
 Defendant's inconsistency is evident in the many "love" cards and communications sent to plaintiff after he had her removed from the marital home. Despite being "beaten up" by plaintiff, he still managed to send numerous romantic gifts, cards, and notes to plaintiff and continued to have sexual intercourse with her after the separation.
 Defendant provided a photograph of a door with a hole kicked into it by plaintiff (Exhibit C). Plaintiff admits kicking the door when she attempted to enter her bedroom; plaintiff's version of the incident reasonably and credibly relates her frustration and anger with defendant after he locked her out of the room. Plaintiff, however, denies doing any more than kicking the door.
 Defendant expanded the "door" attack to include scissors and evidence of a violent siege in photographs taken several months later. Exhibit C taken in October, 1999 shows the hole to which plaintiff admits kicking. Exhibits I-L, taken in December, 1999, show much more damage. But defendant could not explain why he did not take a picture of the inside damage which appears extensive — when he took the picture of the admitted hole in October. Defendant's manner and method of taking pictures to corroborate his story is illogical, manipulative, and not believable.
 The tapes (Exhibit G and H) which defendant deemed necessary to record in the privacy of the parties' home corroborates both parties' testimony about arguments and the intensity of the parties' marital conflicts. As the taping was manipulated by defendant via his control of the "record" and "off" buttons, they are not probative in corroborating defendant's accusations.
 In determining the allocation of parental rights and responsibilities the best interests of the children are to be considered. Section 3109.04(F)(1) provides factors relevant to the children's best interests and must be considered.
 Having reviewed the testimony and the exhibits, and after viewing the parties' demeanor during the hearing, it is found to be in the children's best interests that plaintiff be designated residential parent and legal custodian. Pertinent to this finding, in addition to defendant's lack of credibility, is plaintiff's ability to provide the children with a healthy and stable home, a regular schedule, and liberal access to their father. Plaintiff has endeavored to work out visitation and has provided reasonable access to the children. Simply because plaintiff has placed restrictions on defendant's harassment is not evidence that she will interfere with his visitation.
(Emphasis added.)
The above-quoted portion of the magistrate's decision is not a comprehensive recitation of her findings of fact, even with regard to the issue of the allocation of parental rights and responsibility, but it does illustrate that the testimony at the hearing was very much in conflict, and that the magistrate was required to, and did, resolve those conflicts.
Civ.R. 53(E)(3)(b) provides, in pertinent part, as follows:
 Any objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available.
The trial court determined that Mr. Posadny failed to comply with the rule when he supported his objections to the magistrate's findings of fact with a partial transcript of the testimony at the hearing consisting only of the testimony of Mr. Posadny's parents. We agree with the trial court that, on the face of the record, this could not possibly be all of the evidence relevant to the issues of the allocation of parental rights and responsibilities, the awarding of spousal support, and the awarding of child support, considering that the parties, themselves, testified, as well as Ms. Posadny's mother, sister and girlfriend.
Because we conclude that the trial court properly invoked Civ.R. 53(E)(3)(b) to overrule Mr. Posadny's objections to the magistrate's findings of fact, his First, Second and Fourth assignments of error are overruled.
 III
Mr. Posadny's Third Assignment of Error is as follows:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT IN THE AMOUNT OF CHILD SUPPORT ORDERED IN THE CASE SUB JUDICE.
To some extent, Mr. Posadny's argument in support of this assignment of error, like his arguments in support of the other three, attacks the magistrate's findings of fact. For all the reasons set forth in Part II, above, we conclude that the trial court properly invoked Civ.R. 53(E)(3)(b) to overrule those objections.
However, Mr. Posadny also argues that the magistrate, and the trial court, erred, as a matter of law, in the calculation of child support, by failing to shift from his income to Ms. Posadny's income the amount of annual spousal support, $6,000. This was the subject of an objection.
Mr. Posadny points out that after the magistrate's decision, but before the trial court's decision and judgment, Chapter 3119 of the Ohio Revised Code, governing the calculation of child support, was enacted. That chapter governs the calculation of child support in any action in which a child support order is issued or modified. R.C. 3119.02, et seq. Although the issue is not entirely clear, it appears that spousal support should be included as part of the obligee's income pursuant to R.C.3119.01(B)(7), which defines "gross income" as the total of all earned and unearned income from all sources during a calendar year. That same sub-division of the statute excludes from "gross income" child support received for children who are not born or adopted during the marriage at issue, but there is no express exclusion of spousal support received by the parent. Accordingly, we conclude that under the new statute, the amount of the spousal support awarded should be included in Ms. Posadny's annual income for purposes of the child support calculation.
Conversely, we agree with Mr. Posadny that the amount of his court-ordered spousal support should be subtracted from his income for this purpose, by virtue of the form computation work sheet set out in R.C. 3119.022, which provides at line ten thereof, as a negative adjustment to income, "annual court-ordered spousal support paid to any spouse or former spouse."
We conclude that in enacting R.C. Chapter 3119, the General Assembly has codified the common sense notion that in determining the relative income of the parents, spousal support paid from one parent to the other should be included in the obligee's income, and excluded from the obligor's income. Thus, we agree with Mr. Posadny that the magistrate's calculation of child support contained an error of law, which the trial court adopted as part of its decision and judgment.
Mr. Posadny's Third Assignment of Error is sustained to the extent that we agree with him that the trial court erred when it failed to take the spousal support awarded into consideration in calculating child support.
 IV
Mr. Posadny's Third Assignment of Error having been sustained in part, and his other assignments of error having been overruled, the judgment of the trial court is Reversed with respect to the award of child support, the judgment is Affirmed in all other respects, and this cause is Remanded to the trial court for a recalculation of child support in accordance with this opinion.
BROGAN and HILDEBRANDT, JJ., concur.
(Hon. Lee H. Hildebrandt, Jr., of the Court of Appeals, First Appellate District, Sitting by Assignment of the Chief Justice of the Supreme Court of Ohio).